WILLIAM H. SLATER v. MATTHEW F. HOWIE *et al.*

CONTRACT — *Specific Performance, not Adjudged.* One who purchases real estate for $1,750, but couples the tender of that amount for the property with the condition that the vendors convey the property to him by deed setting forth a consideration of $2,250 therefor, is not, in an action to enforce the contract, entitled to judgment of specific performance.

### *Error from Leavenworth District Court.*

ACTION by *Slater* against *Howie* and wife for specific performance of a contract to convey certain land. On a judgment for defendants, February 2, 1889, plaintiff brings error.

*W. D. Webb,* and *Grant W. Harrington,* for plaintiff in error:

The three telegrams and letter admitted to have been written by Mrs. Howie constituted a contract of sale between these parties for this property. And subsequent conditions attempted to be imposed by Mr. Howie were absolutely impotent to annul, vary or alter the conditions of this contract. That he requested Covert to make out a deed and send it to him for signature, is of no moment whatever. The court further finds that, on the 19th day of September, 1886, plaintiff filled out a blank deed, putting in it a consideration of $2,250, and that Covert forwarded it to Howie, at Georgetown, for his signature. That he did so is immaterial; it did not relieve Mr. Howie and his wife from executing a deed to that property. The amount of consideration mentioned in the deed, whether greater or less than the amount to be paid for the land, is immaterial. If Mr. Howie did not want to sign a deed expressing that consideration, all he had to do was to erase it, and insert $1,750 in lieu of $2,250, or make out his own deed and secure the signature of his wife to it, as it was his moral and legal duty to do. There is no finding that the plaintiff ever refused to accept any deed that might be offered him, whether the consideration be great or small. There is no finding that Howie and his wife ever offered any

22— 49 KAS.

deed of any kind to Slater. The court further finds, that the receipt of that blank deed by Howie was the first notice he had of who the purchaser of the property was to be. The court further finds, that the deed was not executed by Howie or his wife. There is no finding of any offer of Mrs. Howie or her husband to execute a deed to the plaintiff for the $1,750, but only to execute it in consideration of $2,250.

The court found as its second conclusion of law, that " the defendants never having agreed to convey said property by a deed mentioning a consideration of $2,250 upon the receipt of the sum of $1,750 as the consideration, the minds of the contracting parties never came together so as to constitute a contract."

In regard to this conclusion of law, we have this to say: This action is not brought for the purpose of enforcing the specific performance of a contract for the sale of these lots at $2,250; there is no claim that any contract of that kind has ever been made. The claim is, and the contract shown by the telegrams and the letter is, for the sale of this property at $1,750. On that subject, for the sale of the property at that price, the minds of the contracting parties did meet, and there was a contract. It is considered on our part that this contract was made for the sale of the property for $1,750. The defendants attempted to get $2,250; that there was no contract for the sale of the property at that price is true. We did not ask the court that question, but the admitted facts in the pleadings and the findings of fact by the court show that there was a contract for $1,750; and that is what we are asking the court to enforce.

*H. M. Jackson,* for defendant in error:

Was the second telegram from Covert an acceptance of such proposition? It is claimed that it was. It had the words "sold on terms stated." Had it stopped there, and had Mr. Covert disclosed the buyer, it might have been considered an absolute acceptance and a contract. But it did not stop there. It contained the additional words, "Send

authority and papers." What papers? the deed? Hardly so, as the name of the proposed buyer had not yet been disclosed, and by the offer the deed was to be delivered in Georgetown, where payment was to be made. It was not to be delivered at Atchison or elsewhere. And no other papers had been mentioned in the proposal and claimed acceptance. What authority was required by such telegram, in the terms "send authority?" Not to make a deed — that was to be made in Colorado. Was it authority to receive the money? Certainly not. That was to be paid to Mrs. Howie at her home. It was intended to be for some purpose, and presumably the authority desired was to enable some person at Atchison to make the deed or to receive the money, or both, and such pretended acceptance was therefore not absolute, but upon the condition added by the plaintiff, that the papers should be executed and the money paid at Atchison, by some person to be authorized by Mr. Howie for such purpose.

The case of *Greenawalt v. Estes*, 40 Kas. 418, is directly in point, and clearly discusses and decides that the money was to be paid and the transaction to be closed at the place from which the offer was made, and also decides that such a modification as changed the place of proposed payment or the place of the proposed delivery of the deed was not an acceptance of the proposition.

On receipt of such last-mentioned telegram, however, Mr. Howie did not accept, but on the following day wired the plaintiff's agent in effect to "make out deed and forward to me immediately. Mrs. Howie can sign there; money to be delivered to her." This was adding still other conditions, that plaintiff should make out the deed, and pay the money to Mrs. Howie at Atchison. But this proposition was not accepted.

The court finds that the only tender of money was to pay Mrs. Howie $1,750, which was made October 5, 1886, but on conditions that she with her husband would execute a deed reciting a consideration of $2,250. This was certainly not a payment of money in cash at Georgetown, nor was the pay-

ment immediate, nor upon the execution of a deed reciting a
consideration of $1,750, with usual covenants of warranty.
It cannot then be said that the minds of these parties ever
came together so as to constitute a contract, and under such
pleadings and findings the plaintiff did not make out a cause
of action against the defendants, and the latter would there-
fore be entitled to judgment.

In addition to the case already cited, see *N. I. C. v. Meade,*
21 Wis. 480; *Baker v. Holt,* 57 id. 100. See, also, *Frye v.
Platt,* 32 Kas. 65, 66; 1 Par. Contr., p. 476; 1 Benj. Sales,
p. 53; 1 Am. & Eng. Encyc. of Law, 372; *Krutz v. Fisher,*
8 Kas. 90; *Fisher v. Krutz,* 9 id. 501; *Fish v. Leser,* 69 Ill.
394, 400; *Mayer v. Hanchett,* 39 Wis. 419; same case, 43 id.
248; *Bell v. McConnell,* 37 Ohio St. 396, 399.

Opinion by STRANG, C.: Action for specific performance.
The plaintiff alleges that he purchased of and from the de-
fendants lot 7, in block 36, in the city of Atchison, Kas.;
that the contract is in writing, and consists of a series of
telegrams between the parties, all of which were made a part
of the petition in the case. Trial was had by the court with-
out a jury, which made the following findings of fact:

"1. On the 15th of September, 1886, Matthew F. Howie
and Lydia E. Howie were, and for many years had been,
husband and wife.

"2. On said 15th day of September, 1886, said Matthew
F. Howie was, and for more than five years theretofore had
been, the owner in fee-simple of lot No. 7, in block No. 36,
in that part of the city of Atchison known as 'Old Atchi-
son,' in Atchison county, Kansas, upon which there was sit-
uated a dwelling-house. At that time J. M. Covert was,
and for several months previous had been, agent of said Mat-
thew F. Howie, for the purpose of caring for and renting
said house, with others owned by said Howie, and it had been
agreed between them that said lot and dwelling should be
known in their correspondence as 'No. 1.'

"3. The plaintiff, desiring to purchase said property, on
the 15th day of September, 1886, requested said J. M. Covert
to telegraph to said M. F. Howie, from Atchison, Kas., to

Georgetown, Colo., where the said M. F. Howie then was, as follows:

'*Rev. M. F. Howie:* Is place No. 1 for sale? State lowest terms, cash.— J. M. COVERT,'

which message was on that day sent to said Howie and received by him, whereupon the same day said Howie telegraphed said Covert as follows:

'*Mr. J. M. Covert:* Cash price for No. 1 is seventeen hundred and fifty dollars.— M. F. HOWIE,'

which said telegram was received by said Covert on the same day, and the contents thereof communicated to the plaintiff, the plaintiff then informing said Covert that he would take said property at the price named in said telegram, and requested Covert to telegraph Howie as follows:

'*M. F. Howie:* House No. 1 sold on terms named. Send authority and papers.— J. M. COVERT,'

which was received by Howie; and on September 16 Howie telegraphed Covert as follows:

'*Mr. J. M. Covert:* Make out deed for No. 1 on terms stated, and forward to me immediately for signature. Mrs. Howie will sign papers there; money to be delivered to her. The property is lot 7, block 36, O. A. Can forward abstract if wished.— M. F. HOWIE.'

"On September 19, 1886, the plaintiff filled out a blank deed for said lot No. 7, expressing therein, as the consideration, $2,250, which deed on that day Covert forwarded to Howie, at Georgetown, Colo., for signature. The receipt of that blank deed by Howie was the first notice he had of who the said purchaser of the said property was to be, the plaintiff's name not theretofore appearing in the correspondence in regard to said lot passing between Covert and Howie. This deed was not executed by either Howie or his wife.

"4. On October 5, 1886, the plaintiff offered to pay to defendant Lydia E. Howie the sum of $1,750, provided that she would execute, together with her husband, the deed prepared by him on September 19, 1886, conveying the property to him, the plaintiff, upon the express consideration of $2,250. This the said Lydia E. Howie refused to do, unless the plaintiff should pay the full sum of $2,250, which he declined to do."

Upon which findings of fact the court reached the following conclusions of law:

"1. The plaintiff's name as the purchaser of said property not having been disclosed to the defendant Matthew F. Howie

by the telegraphic correspondence mentioned in the findings of fact, they, the telegrams, did not constitute a contract for the purchase and sale of said property that can be enforced.

"2. The defendants never having agreed to convey said property by a deed mentioning a consideration of $2,250 upon the receipt of the sum of $1,750 as the consideration, the minds of the contracting parties never came together so as to constitute a contract.

"3. The defendants are entitled to a judgment that there is no cause of action against them, and for costs against the plaintiff."

The plaintiff moved to set aside the findings of fact and conclusions of law, and for a new trial; which motion was overruled, and a judgment entered in favor of the defendants for costs. Was the plaintiff below entitled to specific performance in the case? We think not. Conceding that the minds of the parties met upon a distinct proposition of sale, which seems very doubtful, it must be, and is admitted, that such proposition was for the sale of the property for the sum of $1,750. But the deed presented by the plaintiff to the defendants for signature set forth $2,250 as the consideration for the property. This deed the defendants rightfully refused to sign, unless the plaintiff paid them the full sum named in the deed. If, as the plaintiff claims, he purchased the property for the sum of $1,750, he could not require the defendants to execute to him a deed acknowledging the receipt of $2,250 as the amount of the purchase-money, since they would be bound by the covenants of warranty therein for that amount should the title fail. The defendants were not asked to execute any other or different deed. The only offer or tender of the purchase-money made by the plaintiff to the defendants was, as disclosed by the fourth finding of fact, coupled with the condition that they would convey the property to him upon the express consideration of $2,250.

If, for the reason already given, the plaintiff was not entitled to specific performance of his alleged contract of purchase, it is unnecessary to consider any further questions in the case.

It is therefore recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.